**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**LESCO "BRIAN" SU`A, Defendant**

High Court of American Samoa
Trial Division

CR No. 32-96

May 21, 1996

Before KRUSE, Chief Justice.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney
General
For Defendant, David P. Vargas

Order on Motion to Dismiss:

The defendant in this matter is charged with assault second, a Class D
felony; unlawful use of a weapon, a Class D felony; and unlawful
possession of a firearm, a Class A misdemeanor. The affidavit in support of
the initiating complaint filed with the District Court alludes to the
defendant's unlawful possession of a handgun, his discharging it at an
occupied vehicle, and his pointing it at the face of an occupant of the
vehicle. Against this background, the prosecuting attorney has moved to
dismiss the complaint on the conclusory assertion that dismissal would be

"in the interests of justice." The moving papers further state that "the motion is at the request of the complaining witness."

While the prosecuting attorney has almost unfettered discretion to decide whether or not to prosecute a case, the court has, under T.C.R.Cr.P. 48(a), the discretion to decide whether or not to grant a motion to dismiss a criminal complaint. As a federal court said with regard to the parallel federal rule, F.R.C.P. 48(a):

> The Attorney General of the United States, as its chief legal officer, has the authority and the duty to exercise control and supervision of all criminal proceedings and civil suits to which the United States is a party. . . . Accordingly, his judgment, or more correctly, that of the members of his staff who are in immediate charge of the matter, that a prosecution should be abandoned on the ground that the available evidence is insufficient to make out a prima facie case against one defendant, and requires a shift in theory from that presented to the grand jury as to the other defendants as to whom there is a question of the sufficiency of the evidence to establish the charges beyond a reasonable doubt, is entitled to great weight. His recommendation gains added force, aided as it is by the presumption that he is acting in good faith and in the proper discharge of his duties, but it is not conclusive upon the court; otherwise there would be no purpose to Rule 48(a), which requires leave of Court to enter the dismissal. *However, to overcome the force of his recommendation, it must clearly and convincingly appear that the public interest requires its refusal.*

*United States v. Greater Blouse, Skirt & Neckwear Contractors Ass'n*, 228 F. Supp. 483, 486 (S.D.N.Y. 1964). Thus, because the prosecuting attorney is supposed to act in the public interest, the court can deny a motion to dismiss where it determines that the motion is not actually in the public interest.

On information supplied, it is hardly apparent that dismissal of the complaint in this matter would be consistent with the public interest. Rather, refusing to prosecute someone accused of brandishing and firing an illegal firearm simply because the complaining witness so desires, seems to serve only the interests of the defendant and the complaining witness. It

44

goes without saying if the complaining witness's desires run contrary to the public interest, the public interest must prevail. This is certainly true where a complaining witness wishes a prosecution, but the prosecuting attorney has determined that it is not in the public interest to pursue the prosecution.

■ In order to determine what best serves the public interest, the court can require the prosecuting attorney to disclose his reasons for wishing to dismiss the case prior to a ruling thereon. *Greater Blouse*, 228 F. Supp. at 486; 21 AM. JUR. 2D *Criminal Law* § 516 (1981). As the court is in this instance unable to make an informed decision on the extent of the showing made, the prosecuting attorney will be required to reveal the underlying basis supporting the motion.

Therefore, the Clerk of Courts will calendar the motion for hearing and notify the parties accordingly.

It is so ordered.